# United States Court of Appeals for the Tenth Circuit

### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

**Elisabeth A. Shumaker**
Clerk of Court

**Douglas E. Cressler**
Chief Deputy Clerk

March 15, 2007

Mr. Robert Harris
#43785
2925 E. Las Vegas
Colorado Springs, CO 80906

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2007

GREGORY C. LANGHAM
CLERK

Re:   07-1037, Harris v. Zennon
      Dist/Ag docket: 01-cv-862-MSK

Dear Counsel:

Enclosed is a copy of an order entered today in this case.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By: _____
    Deputy Clerk

clk:jmm

cc:   Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

ROBERT HARRIS,

Movant,

v.

CARL ZENNON; ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

No. 07-1037
(D.C. No. 06-cv-02338-BNB)

01-cv-00862-msk

ORDER
Filed March 15, 2007

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Movant Robert Harris, a Colorado state inmate proceeding pro se, has filed a motion for leave to file a second or successive 28 U.S.C. § 2254 habeas corpus petition under 28 U.S.C. § 2244(b). We deny leave.

Harris was convicted in 1999 of felony theft and three habitual criminal counts. He filed a § 2254 petition collaterally challenging that conviction in 2001, which was denied by the district court. *Harris v. Brill*, No. 01-cv-00862 (D. Colo. June 10, 2002). In 2004, Harris filed a motion to correct his sentence in state court under Colorado Rule of Criminal Procedure 35(a), which was denied.

*See People v. Harris*, No. 04CA2633 (Colo. Ct. App. May 18, 2006), *cert. denied*, No. 06SC461 (Colo. Oct. 23, 2006).

Harris then filed a second § 2254 petition in federal court. Having no jurisdiction to entertain a § 2254 petition without authorization from the appropriate circuit court, the district court transferred the matter to this court. *See Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006); 28 U.S.C. § 2244(b)(3). Harris has now filed a motion requesting authorization to file a second or successive § 2254 petition. He wishes to assert two claims: (1) the state courts erred in denying his Rule 35(a) motion as time barred and should have considered his claims under a plain error analysis; and (2) his double jeopardy and due process rights were violated when the prosecutor verbally agreed that two of his prior convictions could not be considered predicate offenses under the habitual criminal statute, but the sentencing court used these convictions to enhance his sentence.

To obtain permission to file a second or successive § 2254 petition, Harris must show that he has not raised his claim in a previous habeas petition, 28 U.S.C. § 2244(b)(1), and that his new claim either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A), or depends on facts, previously undiscoverable through the exercise of due diligence, that would establish by clear and convincing evidence that he was not guilty of the offense,

*id.* § 2244(b)(2)(B). Harris contends that he is relying on new rules of law, namely *People v. Baker*, 104 P.3d 893 (Colo. 2005) (en banc) (holding that ineffective assistance of counsel combined with sentencing court error constituted good cause to excuse an untimely notice of appeal), and *People v. Johnson*, 121 P.3d 285 (Colo. Ct. App. 2005) (holding that *Blakely v. Washington*, 542 U.S. 296, (2004) applied retroactively), *reversed by* 142 P.3d 722 (Colo. 2006). Harris's reliance on these cases does not meet the requirements of § 2244(b)(2)(A) because neither case announces a new rule of constitutional law declared retroactively applicable by the Supreme Court. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). Harris also contends that his proposed claims are based on new evidence, namely his sentencing hearing transcripts. This does not meet the requirements of § 2244(b)(2)(B) because he does not allege any new facts that were not previously available or discoverable, much less facts that, if proven, could establish that he is not guilty of the offenses.

Accordingly, we DENY Harris leave to file a second or successive § 2254 petition. This denial of authorization is not subject to further review by way of rehearing, appeal, or writ of certiorari. 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By: _____
Deputy Clerk